**Filed**
**D.C. Superior Court**
**05/11/2015 15:09PM**
**Clerk of the Court**

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

_____

| | |
|---|---|
| Terrie Bunch<br>6012 Surrey Square Lane<br>Forestville, Maryland 20747 | )<br>)<br>) |
| and, | )<br>) |
| Tiara Hammond<br>208 Kenilworth Ave. N.E.<br>Washington, D.C. 20019 | )<br>)<br>) |
| and, | )<br>) |
| Lara Hammond<br>208 Kenilworth Ave. N.E.<br>Washington, D.C. 20019 | )<br>)<br>) |
| and, | )<br>) |
| Alyssa Hammond<br>3350 Curtis Drive<br>Temple Hills, Maryland 20746 | )<br>)<br>) |
| and, | )<br>) |
| Eugene Futrell<br>208 Kenilworth Ave. N.E.<br>Washington, D.C. 20019 | )<br>)<br>) |
| and, | )<br>) |
| Derrick Brooks<br>6012 Surrey Square Lane<br>Forestville, Maryland 20747 | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| V. | )  Case No:<br>) |
| Officer John Doe, in his individual<br>and official capacity, | )<br>)<br>) |

1

```
Officer John Doe, in his individual          )
and official capacity,                        )
                                              )
      and,                                    )
                                              )
Washington D.C. Police Department,            )
441 4th Street                                )
Washington, D.C.                              )
                                              )
      and,                                    )
                                              )
District of Columbia Washington D.C.          )
441 4th Street                                )
Washington, D.C.                              )
                                              )
      and,                                    )
                                              )
Mayor District Of Columbia,                   )
441 4th Street                                )
Washington, D.C.                              )
                                              )
      Defendants.                             )
                                              )
```

## COMPLAINT

## Introduction & Parties

This is a civil rights action brought pursuant to 42 U.S.C Section 1983 by the above named persons for the blatant violations of their United States Constitutional rights under the Fourteenth Amendment. As explained below, two John Does, who are members of the District of Columbia Police Department, chased a vehicle and caused such vehicle to crash their vehicle into the vehicle that the Plaintiffs were in. The Defendants caused the chase vehicle to lose control and hit Plaintiff's vehicle, seriously injuring the Plaintiffs and in violation of the D.C. Police Department Orders. This action is based upon the unlawful actions of the D.C. Police members who were acting within the scope of their employment and acting under color of law when they

deprived the Plaintiffs of their constitutional and civil rights. This action is also based upon the members of the D.C. Police in violation of the D.C. Police Department Orders and the Department's failure to properly train its police members in police chases and other activities. This action is also based upon the negligence of the John Doe officers in their illegal hot pursuit chase in violation of District of Columbia Traffic Rules, and as reason therefore, states as follow:

1. The Court has jurisdiction over the subject matter and over the parties named in this suit, in that the matter complained of herein occurred in the District of Columbia.

2. Plaintiff Terrie Bunch is an adult citizen of the United States, and resides in the State of Maryland at the address listed above.

3. Plaintiff Tiara Hammond is an adult citizen of the United States, and resides in the District of Columbia at the address listed above.

4. Plaintiff Laura Hammond is an adult citizen of the United States, and resides in the District of Columbia at the address listed above.

5. Plaintiff Alyssa Hammond is an adult citizen of the United States, and resides in the District of Columbia at the address listed above.

6. Plaintiff Derrick Brooks is an adult citizen of the United States, and resides in the State of Maryland at the address listed above.

7. Plaintiff Eugene Futrell is an adult citizen of the United States, and resides in the District of Columbia at the address listed above.

8. Based upon information and belief, each of the two Defendant John Does are Washington D.C. Police Officers acting in their individual capacity and acting under the color of law at the time of this incident. Their names are unknown at this time but will be known during discovery. They were employed by the D.C. Police Department at the time of this incident and were acting within the scope of their duties during their violent acts.

9. Defendant D.C. Police Department employed the two John Doe police officers in its Police Department. It is responsible for the actions of the two John Doe police officers at the time of this incident, who were operating within the scope of their employment and under the color of District of Columbia law.

10. Defendant District of Columbia is a municipal corporation organized and existing under the laws of the United States. The District of Columbia is the employer of the D.C. Police Department and it is an agent of the city. It is responsible for the actions of the employees of the D.C. Police Department.

## Jurisdiction and Venue

11. This Court has jurisdiction of this action pursuant to 28 U.S.C. $1331, and $1343 and involves violation of state and federal law. Venue is proper under 28 U.S.C. $1391(b), because the Defendant District of Columbia is a municipality physically situated in this judicial district and the events giving rise to the claims in this action all occurred here. Jurisdiction of this matter is also proper in this Court because the event occurred in the District of Columbia.

## COUNT I

### (Terri Bunch – Violations of 42-U.S.C. $1983)

12. On or about May 12, 2012, Plaintiff Terry Bunch was the driver in a vehicle that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the chased vehicle to lose control and crash into the vehicle driven by Plaintiff Bunch who was injured during the crash.

13. At the same time and place, the Defendant John Doe Police Officers were unlawful and reckless in the operation of their vehicle when they continued to unlawfully pursue a

speeding car and caused the chased car to lose control and
crash into the Plaintiff's car in violation of the D.C.
Police Orders regarding vehicle police pursuits.

14. After the chased car slammed into Plaintiff's vehicle and
came to rest the two Defendants approached the vehicles and
denied causing the crash and failed to help the injured
Plaintiffs.

15. Defendant Police Officer John Does, each, owed a duty to
the Plaintiffs to stop the chase and to help and assist
them after the vehicle crash. Defendant Police John Does,
each, intentionally and with malicious actions breached
their duty owed to the Plaintiffs and in direct violation
of the statutes of the District of Columbia and of the
Federal Government in causing Plaintiff's injuries.

16. At the same time and place, Defendants John Does were
intentional, reckless and acted with gross disregard for
the life and safety of the Plaintiffs when they viciously
pursued the speeding car with their government vehicle and
caused the chase vehicle to strike Plaintiffs' vehicle.

17.  At all relevant times herein, Defendant Police Officer
John Does acted with intentional infliction of bodily harm
and under color of District of Columbia Law, when they
unlawfully pursued a speeding car in violation of the
District of Columbia Laws and the Fourteenth Amendment in

depriving Plaintiffs of their civil rights. Such actions by the Defendants were in direct violation of the 42 U.S.C. Section 1983.

18. As a direct and proximate result of the intentional and reckless acts of Defendant Police Officer John Does, Plaintiff Bunch suffered mental anguish, and severe injuries. She claims damages to her body, fright, discomfort, deformity, scarring, and pain and suffering and more. She has also suffered other severe physical and mental injures. She has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

19. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe Police Officers, Plaintiff Bunch has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE**, Plaintiff Bunch prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

# COUNT II

**(Tiara Hammond - Violations of 42 U.S.C. $1983)**

20. Plaintiff Hammond repeats and re-alleges the above
    paragraphs with the same force and effect as though fully
    set forth herein.

21. On or about May 12, 2012, Plaintiff Hammond was a passenger
    in a vehicle being driven by Plaintiff Terrie Bunch, that
    was hit by a vehicle being pursued by two police officers,
    Defendant John Does of the D.C Police Department. The
    unlawful actions of the Defendants caused the driver of the
    chased vehicle to lose control and crash into the vehicle
    Plaintiff Hammond was a passenger of, injuring Plaintiff
    Hammond.

22. At the same time and place, Defendants Police Officers were
    reckless in the operation of their vehicle when they
    unlawfully pursued the chase vehicle causing it to lose
    control and crash into the vehicle Plaintiff Hammond was a
    passenger of.

23. The two Defendant Police Officers owed a duty to the
    Plaintiff to not chase vehicles in the District of Columbia
    and not to unlawfully pursue by the use of a government
    vehicle. Defendant Police Officer John Does intentionally
    and with malicious breached their duty owed to the

Plaintiff and in direct violation of the statutes of the District of Columbia, and of the Federal Government in causing Plaintiff Hammond's injuries.

24. At the same time and place, the Defendants were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiff when they viciously and unlawfully pursued a speeding car with their vehicle, causing Plaintiff injuries.

25. At all relevant times herein, Defendant Police Officers John Does did cause intentional infliction of bodily harm when they pursued a speeding car in violation of the District of Columbia Laws and Federal Government statutes while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of her constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

26. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Hammond suffered mental anguish, and severe injuries. She claims damages to her body, fright, discomfort, deformity, scarring, and pain and suffering and more. She has also suffered other severe physical and

mental injures. She has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

27. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Hammond has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE,** Plaintiff Hammond prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT III

### (Laura Hammond - Violations of 42 U.S.C. $1983)

28. Plaintiff Hammond repeats and re-alleges the above paragraphs with the same force and effect as though fully set forth herein.

29. On or about May 12, 2012, Plaintiff Hammond was a passenger in a vehicle being driven by Plaintiff Terrie Bunch, that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the chased vehicle to lose control and crash into the vehicle

Plaintiff Hammond was a passenger of, injuring Plaintiff Hammond.

30. At the same time and place, Defendants Police Officers were reckless in the operation of their vehicle when they unlawfully pursued the chase vehicle causing it to lose control and crash into the vehicle Plaintiff Hammond was a passenger of.

31. The two Defendant Police Officers owed a duty to the Plaintiff to not chase vehicles in the District of Columbia and not to unlawfully pursue by the use of a government vehicle. Defendant Police Officer John Does intentionally and with malicious breached their duty owed to the Plaintiff and in direct violation of the statutes of the District of Columbia, and of the Federal Government in causing Plaintiff Hammond's injuries.

32. At the same time and place, the Defendants were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiff when they viciously pursued a speeding car with their vehicle, causing Plaintiff injuries.

33. At all relevant times herein, Defendant Police Officers John Does did cause intentional infliction of bodily harm when they pursued a speeding car in violation of the District of Columbia Laws and Federal Government statutes

while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of her constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

34. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Hammond suffered mental anguish, and severe injuries. She claims damages to her body, fright, discomfort, deformity, scarring, and pain and suffering and more. She has also suffered other severe physical and mental injures. She has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

35. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Hammond has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE**, Plaintiff Hammond prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

# COUNT IV

## (Alyssa Hammond - Violations of 42 U.S.C. §1983)

36. Plaintiff Hammond repeats and re-alleges the above paragraphs with the same force and effect as though fully set forth herein.

37. On or about May 12, 2012, Plaintiff Hammond was a passenger in a vehicle being driven by Plaintiff Terrie Bunch, that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the chased vehicle to lose control and crash into the vehicle Plaintiff Hammond was a passenger of, injuring Plaintiff Hammond.

38. At the same time and place, Defendants Police Officers were reckless in the operation of their vehicle when they unlawfully pursued the chase vehicle causing it to lose control and crash into the vehicle Plaintiff Hammond was a passenger of.

39. The two Defendant Police Officers owed a duty to the Plaintiff to not chase vehicles in the District of Columbia and not to unlawfully pursue by the use of a government vehicle. Defendant Police Officer John Does intentionally

and with malicious breached their duty owed to the Plaintiff and in direct violation of the statutes of the District of Columbia, and of the Federal Government in causing Plaintiff Hammond's injuries.

40. At the same time and place, the Defendants were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiff when they viciously pursued a speeding car with their vehicle, causing Plaintiff injuries.

41. At all relevant times herein, Defendant Police Officers John Does did cause intentional infliction of bodily harm when they pursued a speeding car in violation of the District of Columbia Laws and Federal Government statutes while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of her constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

42. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Hammond suffered mental anguish, and severe injuries. She claims damages to her body, fright, discomfort, deformity, scarring, and pain and suffering and

more. She has also suffered other severe physical and mental injures. She has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

43. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Hammond has incurred doctor and hospital, and other medical related expenses.

   **WHEREFORE**, Plaintiff Hammond prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT V

### (Eugene Futrell - Violations of 42 U.S.C. $1983)

44. Plaintiff Futrell repeats and re-alleges the above paragraphs with the same force and effect as though fully set forth herein.

45. On or about May 12, 2012, Plaintiff Futrell was a passenger in a vehicle being driven by Plaintiff Terrie Bunch, that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the

15

chased vehicle to lose control and crash into the vehicle
Plaintiff Futrell was a passenger of, injuring Plaintiff
Futrell.

46. At the same time and place, Defendants Police Officers were
reckless in the operation of their vehicle when they
unlawfully pursued the chase vehicle causing it to lose
control and crash into the vehicle Plaintiff Futrell was a
passenger of.

47. The two Defendant Police Officers owed a duty to the
Plaintiff to not chase vehicles in the District of Columbia
and not to unlawfully pursue by the use of a government
vehicle. Defendant Police Officer John Does intentionally
and with malicious breached their duty owed to the
Plaintiff and in direct violation of the statutes of the
District of Columbia, and of the Federal Government in
causing Plaintiff Futrell's injuries.

48. At the same time and place, the Defendants were
intentional, reckless and acted with gross disregard for
the life and safety of the Plaintiff when they viciously
pursued a speeding car with their vehicle, causing
Plaintiff injuries.

49. At all relevant times herein, Defendant Police Officers
John Does did cause intentional infliction of bodily harm
when they pursued a speeding car in violation of the

District of Columbia Laws and Federal Government statutes while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of his constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

50. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Futrell suffered mental anguish, and severe injuries. He claims damages to his body, fright, discomfort, deformity, scarring, and pain and suffering and more. He has also suffered other severe physical and mental injures. He has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

51. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Futrell has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE**, Plaintiff Futrell prays for judgment against Defendant John Does, individually in the amount of more than One

Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT VI

**(Derrick Brooks - Violations of 42 U.S.C. §1983)**

52. Plaintiff Brooks repeats and re-alleges the above paragraphs with the same force and effect as though fully set forth herein.

53. On or about May 12, 2012, Plaintiff Brooks was a passenger in a vehicle being driven by Plaintiff Terrie Bunch, that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the chased vehicle to lose control and crash into the vehicle Plaintiff Brooks was a passenger of, injuring Plaintiff Brooks.

54. At the same time and place, Defendants Police Officers were reckless in the operation of their vehicle when they unlawfully pursued the chase vehicle causing it to lose control and crash into the vehicle Plaintiff Brooks was a passenger of.

55. The two Defendant Police Officers owed a duty to the Plaintiff to not chase vehicles in the District of Columbia and not to unlawfully pursue by the use of a government

18

vehicle. Defendant Police Officer John Does intentionally and with malicious breached their duty owed to the Plaintiff and in direct violation of the statutes of the District of Columbia, and of the Federal Government in causing Plaintiff Brooks' injuries.

56. At the same time and place, the Defendants were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiff when they viciously pursued a speeding car with their vehicle, causing Plaintiff injuries.

57. At all relevant times herein, Defendant Police Officers John Does did cause intentional infliction of bodily harm when they pursued a speeding car in violation of the District of Columbia Laws and Federal Government statutes while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of his constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

58. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Brooks suffered mental anguish, and severe injuries. He claims damages to his body, fright,

discomfort, deformity, scarring, and pain and suffering and more. He has also suffered other severe physical and mental injures. He has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

59. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Brooks has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE,** Plaintiff Brooks prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT VII

**(Respondent Superior – Metropolitan Police Department)**

60. All Plaintiff hereby re-alleges each of the above paragraphs with the same force and effect as if stated herein.

61. At all times relevant herein, Defendant Police Officers John Does worked for the District of Columbia Police Department when they pursued the speeding vehicle with a government vehicle. Their unlawful actions and omissions on

the Plaintiffs were done within the scope of their
employment and in violation of the District of Columbia
Police orders on vehicle pursuits.

62. At all times relevant herein, the Defendant District of
Columbia Police Department as the employer of the
Defendants John Does owed Plaintiffs and the public the
duty to properly supervise, train and/or instruct Defendant
John Does in the proper undertaking of their duties.

63. Defendant District of Columbia Police Department breached
its duty owed and as a direct breach of said duty and
foreseen negligence and reckless of John Doe Defendants
violated a Federal orders in place.

64. That at all times mentioned herewith, Plaintiffs were free
of negligence or contributory negligence, did not assume
any risks, and in no way contributed to the happening of
this event.

65. As a direct and proximate result of the negligent and
reckless acts of the Defendant, Plaintiffs suffered mental
anguish, and severe injuries. Plaintiffs claim damages to
their bodies, frights, discomforts, deformities, scarring,
pain and suffering and more. Plaintiff has also suffered
other severe physical and mental injuries. Plaintiffs has
incurred substantial lost wages and earnings in the past

and future, loss of vocational opportunities and other economical losses.

66. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe Police Officers, Plaintiffs has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE,** Plaintiffs Bunch, Hammond, Hammond, Brooks, Hammond, and Futrell each pray for judgment against the Defendant in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## <u>COUNT VIII</u>

### (Respondent Superior – District of Columbia)

67. All Plaintiffs hereby re-alleges each of the above paragraphs with the same force and effect as if stated herein.

68. At all times relevant herein, Defendant District of Columbia is an municipal corporation organized and existing under the laws of the United States. The District of Columbia is the employer of the D.C. Police Department. It is responsible for the actions of the employees of the D.C. Police Department. When Defendant John Doe Police Officers

unlawfully pursued the speeding car they were agents of the District of Columbia Police Department and agents of the District of Columbia. Their unlawful actions and omissions on the Plaintiffs were done within the scope of their employment and under color of state and city law.

69. At all times relevant herein, the Defendant District of Columbia, as the employer of the Defendants John Does, owed Plaintiffs and the public the duty to properly select, supervise, train and/or instruct Defendants John Does in the proper undertaking of their duties including the use of reasonable force and proper government vehicle pursuit.

70. Defendant District of Columbia breached its duty owed and as a direct breach of said duties and the intentional and reckless actions of the Defendants John Does in violation the Plaintiffs' constitutional rights and in violation of the District of Columbia and Federal laws in place.

71. That at all times mentioned herewith, Plaintiffs were free of negligence or contributory negligence, did not assume any risks, and in no way contributed to the happening of this event.

72. As a direct and proximate result of the negligent and reckless acts of the Defendants, Plaintiffs suffered mental anguish, severe injuries and medical care. Plaintiffs claim damages for fright, comfort, deformity, scarring, pain and

suffering and more. Plaintiffs also suffered other severe physical and mental injures. Plaintiffs has incurred substantial lost wages and earnings in the past and future.

73. As a further direct and proximate result of the intentional, negligent and reckless acts of the Defendants, Plaintiffs have incurred hospital, doctor, and other medical related bills. Plaintiffs has also suffered loss earnings and wages and other economic losses.

**WHEREFORE**, Plaintiffs Bunch, Hammond, Hammond, Brooks, Hammond, and Futrell each pray for judgment against the Defendant in the amount of more than One Million Dollars ($1,000,000.00) each plus costs, interest, and reasonable attorney fees.

## COUNT VIII

### (Respondent Superior – Mayor Of the District of Columbia)

74.    All Plaintiffs hereby re-alleges each of the above paragraphs with the same force and effect as if stated herein.

75. At all times relevant herein, Defendant Mayor of the District of Columbia and is responsible for the employees of the District of Columbia. The Mayor of the District of Columbia is responsible for the actions of D.C. Police Department. When Defendant John Doe Police Officers

unlawfully pursued the speeding car they were agents of the
District of Columbia Police Department and agents of the
District of Columbia. Their unlawful actions and omissions
on the Plaintiffs were done within the scope of their
employment and under color of state and city law.

76. At all times relevant herein, the Defendant Mayor of the
District of Columbia, as the supervisor of its employees
Defendants John Does, owed Plaintiffs and the public the
duty to properly select, supervise, train and/or instruct
Defendants John Does in the proper undertaking of their
duties including the use of reasonable force and proper
government vehicle pursuit.

77. Defendant Mayor District of Columbia breached its duty owed
and as a direct breach of said duties and the intentional
and reckless actions of the Defendants John Does in
violation the Plaintiffs' constitutional rights and in
violation of the District of Columbia and Federal laws in
place.

78. That at all times mentioned herewith, Plaintiffs were free
of negligence or contributory negligence, did not assume
any risks, and in no way contributed to the happening of
this event.

79. As a direct and proximate result of the negligent and
reckless acts of the Defendants, Plaintiffs suffered mental

anguish, severe injuries and medical care. Plaintiffs claim

damages for fright, comfort, deformity, scarring, pain and

suffering and more. Plaintiffs also suffered other severe

physical and mental injures. Plaintiffs has incurred

substantial lost wages and earnings in the past and future.

80. As a further direct and proximate result of the

intentional, negligent and reckless acts of the Defendants,

Plaintiffs have incurred hospital, doctor, and other

medical related bills. Plaintiffs has also suffered loss

earnings and wages and other economic losses.


**WHEREFORE**, Plaintiffs Bunch, Hammond, Hammond, Brooks,

Hammond, and Futrell each pray for judgment against the Defendant

in the amount of more than One Million Dollars ($1,000,000.00)

each plus costs, interest, and reasonable attorney fees.


Respectfully submitted,

By: *Jay b. Dorsey, Esq.*
Jay B. Dorsey, Esquire
J.B. Dorsey & Associates
146 Tennessee Avenue, N.E.
Washington, D.C. 20002
Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues.


By: *Jay b. Dorsey, Esq.*

Jay B. Dorsey, Esquire



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TERRIE BUNCH et al

   Vs.                           C.A. No.     2015 CA 003441 V

D.C. DEPARTMENT OF POLICE et al

## <u>INITIAL ORDER AND ADDENDUM</u>

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                      Chief Judge Lee F. Satterfield

Case Assigned to: Judge ROBERT D OKUN
Date: __May 13, 2015_____
Initial Conference: 9:30 am, Friday, August 14, 2015
Location:   Courtroom A-50
          515 5th Street N.W.

                                                          Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement.  The early mediation schedule shall be included in the Scheduling Order following the ISSC.  Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC."  D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator.  Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/.  To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC.  Two separate Early Mediation Forms are available.  Both forms may be obtained at www.dccourts.gov/medmalmediation.  One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator.  Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W.  Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov.  *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles.  All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation.  D.C. Code § 16-2823(a).  If the parties cannot agree on a mediator, the Court will appoint one.  D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case.  D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation.  D.C. Code § 16-2826.  Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office.  The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

D.C. Superior Court
05/13/2015 12:00PM
Clerk of the Court

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Terrie Bunch | ) |
| 6012 Surrey Square Lane | ) |
| Forestville, Maryland 20747 | ) |
| | ) |
| and, | ) |
| | ) |
| Tiara Hammond | ) |
| 208 Kenilworth Ave. N.E. | ) |
| Washington, D.C. 20019 | ) |
| | ) |
| and, | ) |
| | ) |
| Lara Hammond | ) |
| 208 Kenilworth Ave. N.E. | ) |
| Washington, D.C. 20019 | ) |
| | ) |
| and, | ) |
| | ) |
| Alyssa Hammond | ) |
| 3350 Curtis Drive | ) |
| Temple Hills, Maryland 20746 | ) |
| | ) |
| and, | ) |
| | ) |
| Eugene Futrell | ) |
| 208 Kenilworth Ave. N.E. | ) |
| Washington, D.C. 20019 | ) |
| | ) |
| and, | ) |
| | ) |
| Derrick Brooks | ) |
| 6012 Surrey Square Lane | ) |
| Forestville, Maryland 20747 | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| V. | ) Case No: 2015 CA 003441 V |
| | ) |
| Officer John Doe, in his individual | ) |
| and official capacity, | ) |
| | ) |

1

```
Officer John Doe, in his individual          )
and official capacity,                       )
                                             )
     and,                                    )
                                             )
Washington D.C. Police Department,           )
441 4ᵗʰ Street                               )
Washington, D.C.                             )
                                             )
     and,                                    )
                                             )
District of Columbia Washington D.C.         )
441 4ᵗʰ Street                               )
Washington, D.C.                             )
                                             )
     and,                                    )
                                             )
Mayor District Of Columbia,                  )
441 4ᵗʰ Street                               )
Washington, D.C.                             )
                                             )
     Defendants.                             )
_____  )
```

## COMPLAINT

## Introduction & Parties

This is a civil rights action brought pursuant to 42 U.S.C Section 1983 by the above named persons for the blatant violations of their United States Constitutional rights under the Fourteenth Amendment. As explained below, two John Does, who are members of the District of Columbia Police Department, chased a vehicle and caused such vehicle to crash their vehicle into the vehicle that the Plaintiffs were in. The Defendants caused the chase vehicle to lose control and hit Plaintiff's vehicle, seriously injuring the Plaintiffs and in violation of the D.C. Police Department Orders. This action is based upon the unlawful actions of the D.C. Police members who were acting within the scope of their employment and acting under color of law when they

2

deprived the Plaintiffs of their constitutional and civil rights. This action is also based upon the members of the D.C. Police in violation of the D.C. Police Department Orders and the Department's failure to properly train its police members in police chases and other activities. This action is also based upon the negligence of the John Doe officers in their illegal hot pursuit chase in violation of District of Columbia Traffic Rules, and as reason therefore, states as follow:

1. The Court has jurisdiction over the subject matter and over the parties named in this suit, in that the matter complained of herein occurred in the District of Columbia.

2. Plaintiff Terrie Bunch is an adult citizen of the United States, and resides in the State of Maryland at the address listed above.

3. Plaintiff Tiara Hammond is an adult citizen of the United States, and resides in the District of Columbia at the address listed above.

4. Plaintiff Laura Hammond is an adult citizen of the United States, and resides in the District of Columbia at the address listed above.

5. Plaintiff Alyssa Hammond is an adult citizen of the United States, and resides in the District of Columbia at the address listed above.

6. Plaintiff Derrick Brooks is an adult citizen of the United States, and resides in the State of Maryland at the address listed above.

7. Plaintiff Eugene Futrell is an adult citizen of the United States, and resides in the District of Columbia at the address listed above.

8. Based upon information and belief, each of the two Defendant John Does are Washington D.C. Police Officers acting in their individual capacity and acting under the color of law at the time of this incident. Their names are unknown at this time but will be known during discovery. They were employed by the D.C. Police Department at the time of this incident and were acting within the scope of their duties during their violent acts.

9. Defendant D.C. Police Department employed the two John Doe police officers in its Police Department. It is responsible for the actions of the two John Doe police officers at the time of this incident, who were operating within the scope of their employment and under the color of District of Columbia law.

10. Defendant District of Columbia is a municipal corporation organized and existing under the laws of the United States. The District of Columbia is the employer of the D.C. Police Department and it is an agent of the city. It is responsible for the actions of the employees of the D.C. Police Department.

# Jurisdiction and Venue

11. This Court has jurisdiction of this action pursuant to 28 U.S.C. $1331, and $1343 and involves violation of state and federal law. Venue is proper under 28 U.S.C. $1391(b), because the Defendant District of Columbia is a municipality physically situated in this judicial district and the events giving rise to the claims in this action all occurred here. Jurisdiction of this matter is also proper in this Court because the event occurred in the District of Columbia.

# COUNT I

## (Terri Bunch – Violations of 42-U.S.C. $1983)

12. On or about May 12, 2012, Plaintiff Terry Bunch was the driver in a vehicle that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the chased vehicle to lose control and crash into the vehicle driven by Plaintiff Bunch who was injured during the crash.

13. At the same time and place, the Defendant John Doe Police Officers were unlawful and reckless in the operation of their vehicle when they continued to unlawfully pursue a

speeding car and caused the chased car to lose control and crash into the Plaintiff's car in violation of the D.C. Police Orders regarding vehicle police pursuits.

14. After the chased car slammed into Plaintiff's vehicle and came to rest the two Defendants approached the vehicles and denied causing the crash and failed to help the injured Plaintiffs.

15. Defendant Police Officer John Does, each, owed a duty to the Plaintiffs to stop the chase and to help and assist them after the vehicle crash. Defendant Police John Does, each, intentionally and with malicious actions breached their duty owed to the Plaintiffs and in direct violation of the statutes of the District of Columbia and of the Federal Government in causing Plaintiff's injuries.

16. At the same time and place, Defendants John Does were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiffs when they viciously pursued the speeding car with their government vehicle and caused the chase vehicle to strike Plaintiffs' vehicle.

17. At all relevant times herein, Defendant Police Officer John Does acted with intentional infliction of bodily harm and under color of District of Columbia Law, when they unlawfully pursued a speeding car in violation of the District of Columbia Laws and the Fourteenth Amendment in

depriving Plaintiffs of their civil rights. Such actions by the Defendants were in direct violation of the 42 U.S.C. Section 1983.

18. As a direct and proximate result of the intentional and reckless acts of Defendant Police Officer John Does, Plaintiff Bunch suffered mental anguish, and severe injuries. She claims damages to her body, fright, discomfort, deformity, scarring, and pain and suffering and more. She has also suffered other severe physical and mental injures. She has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

19. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe Police Officers, Plaintiff Bunch has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE**, Plaintiff Bunch prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

# COUNT II

## (Tiara Hammond - Violations of 42 U.S.C. $1983)

20. Plaintiff Hammond repeats and re-alleges the above paragraphs with the same force and effect as though fully set forth herein.

21. On or about May 12, 2012, Plaintiff Hammond was a passenger in a vehicle being driven by Plaintiff Terrie Bunch, that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the chased vehicle to lose control and crash into the vehicle Plaintiff Hammond was a passenger of, injuring Plaintiff Hammond.

22. At the same time and place, Defendants Police Officers were reckless in the operation of their vehicle when they unlawfully pursued the chase vehicle causing it to lose control and crash into the vehicle Plaintiff Hammond was a passenger of.

23. The two Defendant Police Officers owed a duty to the Plaintiff to not chase vehicles in the District of Columbia and not to unlawfully pursue by the use of a government vehicle. Defendant Police Officer John Does intentionally and with malicious breached their duty owed to the

8

Plaintiff and in direct violation of the statutes of the District of Columbia, and of the Federal Government in causing Plaintiff Hammond's injuries.

24. At the same time and place, the Defendants were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiff when they viciously and unlawfully pursued a speeding car with their vehicle, causing Plaintiff injuries.

25. At all relevant times herein, Defendant Police Officers John Does did cause intentional infliction of bodily harm when they pursued a speeding car in violation of the District of Columbia Laws and Federal Government statutes while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of her constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

26. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Hammond suffered mental anguish, and severe injuries. She claims damages to her body, fright, discomfort, deformity, scarring, and pain and suffering and more. She has also suffered other severe physical and

mental injures. She has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

27. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Hammond has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE**, Plaintiff Hammond prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT III

### (Laura Hammond - Violations of 42 U.S.C. $1983)

28. Plaintiff Hammond repeats and re-alleges the above paragraphs with the same force and effect as though fully set forth herein.

29. On or about May 12, 2012, Plaintiff Hammond was a passenger in a vehicle being driven by Plaintiff Terrie Bunch, that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the chased vehicle to lose control and crash into the vehicle

Plaintiff Hammond was a passenger of, injuring Plaintiff Hammond.

30. At the same time and place, Defendants Police Officers were reckless in the operation of their vehicle when they unlawfully pursued the chase vehicle causing it to lose control and crash into the vehicle Plaintiff Hammond was a passenger of.

31. The two Defendant Police Officers owed a duty to the Plaintiff to not chase vehicles in the District of Columbia and not to unlawfully pursue by the use of a government vehicle. Defendant Police Officer John Does intentionally and with malicious breached their duty owed to the Plaintiff and in direct violation of the statutes of the District of Columbia, and of the Federal Government in causing Plaintiff Hammond's injuries.

32. At the same time and place, the Defendants were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiff when they viciously pursued a speeding car with their vehicle, causing Plaintiff injuries.

33. At all relevant times herein, Defendant Police Officers John Does did cause intentional infliction of bodily harm when they pursued a speeding car in violation of the District of Columbia Laws and Federal Government statutes

while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of her constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

34. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Hammond suffered mental anguish, and severe injuries. She claims damages to her body, fright, discomfort, deformity, scarring, and pain and suffering and more. She has also suffered other severe physical and mental injures. She has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

35. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Hammond has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE**, Plaintiff Hammond prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT IV

**(Alyssa Hammond - Violations of 42 U.S.C. §1983)**

36. Plaintiff Hammond repeats and re-alleges the above paragraphs with the same force and effect as though fully set forth herein.

37. On or about May 12, 2012, Plaintiff Hammond was a passenger in a vehicle being driven by Plaintiff Terrie Bunch, that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the chased vehicle to lose control and crash into the vehicle Plaintiff Hammond was a passenger of, injuring Plaintiff Hammond.

38. At the same time and place, Defendants Police Officers were reckless in the operation of their vehicle when they unlawfully pursued the chase vehicle causing it to lose control and crash into the vehicle Plaintiff Hammond was a passenger of.

39. The two Defendant Police Officers owed a duty to the Plaintiff to not chase vehicles in the District of Columbia and not to unlawfully pursue by the use of a government vehicle. Defendant Police Officer John Does intentionally

13

and with malicious breached their duty owed to the Plaintiff and in direct violation of the statutes of the District of Columbia, and of the Federal Government in causing Plaintiff Hammond's injuries.

40. At the same time and place, the Defendants were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiff when they viciously pursued a speeding car with their vehicle, causing Plaintiff injuries.

41. At all relevant times herein, Defendant Police Officers John Does did cause intentional infliction of bodily harm when they pursued a speeding car in violation of the District of Columbia Laws and Federal Government statutes while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of her constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

42. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Hammond suffered mental anguish, and severe injuries. She claims damages to her body, fright, discomfort, deformity, scarring, and pain and suffering and

more. She has also suffered other severe physical and mental injures. She has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

43. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Hammond has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE,** Plaintiff Hammond prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT V

### (Eugene Futrell - Violations of 42 U.S.C. $1983)

44. Plaintiff Futrell repeats and re-alleges the above paragraphs with the same force and effect as though fully set forth herein.

45. On or about May 12, 2012, Plaintiff Futrell was a passenger in a vehicle being driven by Plaintiff Terrie Bunch, that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the

chased vehicle to lose control and crash into the vehicle Plaintiff Futrell was a passenger of, injuring Plaintiff Futrell.

46. At the same time and place, Defendants Police Officers were reckless in the operation of their vehicle when they unlawfully pursued the chase vehicle causing it to lose control and crash into the vehicle Plaintiff Futrell was a passenger of.

47. The two Defendant Police Officers owed a duty to the Plaintiff to not chase vehicles in the District of Columbia and not to unlawfully pursue by the use of a government vehicle. Defendant Police Officer John Does intentionally and with malicious breached their duty owed to the Plaintiff and in direct violation of the statutes of the District of Columbia, and of the Federal Government in causing Plaintiff Futrell's injuries.

48. At the same time and place, the Defendants were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiff when they viciously pursued a speeding car with their vehicle, causing Plaintiff injuries.

49. At all relevant times herein, Defendant Police Officers John Does did cause intentional infliction of bodily harm when they pursued a speeding car in violation of the

District of Columbia Laws and Federal Government statutes while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of his constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

50. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Futrell suffered mental anguish, and severe injuries. He claims damages to his body, fright, discomfort, deformity, scarring, and pain and suffering and more. He has also suffered other severe physical and mental injures. He has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

51. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Futrell has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE**, Plaintiff Futrell prays for judgment against Defendant John Does, individually in the amount of more than One

Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT VI

**(Derrick Brooks - Violations of 42 U.S.C. §1983)**

52. Plaintiff Brooks repeats and re-alleges the above paragraphs with the same force and effect as though fully set forth herein.

53. On or about May 12, 2012, Plaintiff Brooks was a passenger in a vehicle being driven by Plaintiff Terrie Bunch, that was hit by a vehicle being pursued by two police officers, Defendant John Does of the D.C Police Department. The unlawful actions of the Defendants caused the driver of the chased vehicle to lose control and crash into the vehicle Plaintiff Brooks was a passenger of, injuring Plaintiff Brooks.

54. At the same time and place, Defendants Police Officers were reckless in the operation of their vehicle when they unlawfully pursued the chase vehicle causing it to lose control and crash into the vehicle Plaintiff Brooks was a passenger of.

55. The two Defendant Police Officers owed a duty to the Plaintiff to not chase vehicles in the District of Columbia and not to unlawfully pursue by the use of a government

18

vehicle. Defendant Police Officer John Does intentionally and with malicious breached their duty owed to the Plaintiff and in direct violation of the statutes of the District of Columbia, and of the Federal Government in causing Plaintiff Brooks' injuries.

56. At the same time and place, the Defendants were intentional, reckless and acted with gross disregard for the life and safety of the Plaintiff when they viciously pursued a speeding car with their vehicle, causing Plaintiff injuries.

57. At all relevant times herein, Defendant Police Officers John Does did cause intentional infliction of bodily harm when they pursued a speeding car in violation of the District of Columbia Laws and Federal Government statutes while acting under the operation of color of law and police and state authority. Such actions deprived the Plaintiff of his constitutional rights and were in direct violation of the 42 U.S.C. section 1983 and other federal and state statues and laws and the Fourteenth Amendment of the constitution.

58. As a direct and proximate result of the intentional and reckless acts of the two Defendant Police Officers John Does, Plaintiff Brooks suffered mental anguish, and severe injuries. He claims damages to his body, fright,

discomfort, deformity, scarring, and pain and suffering and more. He has also suffered other severe physical and mental injures. He has incurred substantial lost wages and earnings in the past and future, loss of vocational opportunities and other economical losses.

59. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe police officers, Plaintiff Brooks has incurred doctor and hospital, and other medical related expenses.

   **WHEREFORE**, Plaintiff Brooks prays for judgment against Defendant John Does, individually in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT VII

**(Respondent Superior – Metropolitan Police Department)**

60. All Plaintiff hereby re-alleges each of the above paragraphs with the same force and effect as if stated herein.

61. At all times relevant herein, Defendant Police Officers John Does worked for the District of Columbia Police Department when they pursued the speeding vehicle with a government vehicle. Their unlawful actions and omissions on

the Plaintiffs were done within the scope of their
employment and in violation of the District of Columbia
Police orders on vehicle pursuits.

62. At all times relevant herein, the Defendant District of
Columbia Police Department as the employer of the
Defendants John Does owed Plaintiffs and the public the
duty to properly supervise, train and/or instruct Defendant
John Does in the proper undertaking of their duties.

63. Defendant District of Columbia Police Department breached
its duty owed and as a direct breach of said duty and
foreseen negligence and reckless of John Doe Defendants
violated a Federal orders in place.

64. That at all times mentioned herewith, Plaintiffs were free
of negligence or contributory negligence, did not assume
any risks, and in no way contributed to the happening of
this event.

65. As a direct and proximate result of the negligent and
reckless acts of the Defendant, Plaintiffs suffered mental
anguish, and severe injuries. Plaintiffs claim damages to
their bodies, frights, discomforts, deformities, scarring,
pain and suffering and more. Plaintiff has also suffered
other severe physical and mental injuries. Plaintiffs has
incurred substantial lost wages and earnings in the past

and future, loss of vocational opportunities and other economical losses.

66. As a direct and proximate result of the intentional and reckless acts of Defendant John Doe Police Officers, Plaintiffs has incurred doctor and hospital, and other medical related expenses.

**WHEREFORE,** Plaintiffs Bunch, Hammond, Hammond, Brooks, Hammond, and Futrell each pray for judgment against the Defendant in the amount of more than One Million Dollars ($1,000,000.00) each, plus reasonable costs, interest, and reasonable attorney fees.

## COUNT VIII

### (Respondent Superior – District of Columbia)

67. All Plaintiffs hereby re-alleges each of the above paragraphs with the same force and effect as if stated herein.

68. At all times relevant herein, Defendant District of Columbia is an municipal corporation organized and existing under the laws of the United States. The District of Columbia is the employer of the D.C. Police Department. It is responsible for the actions of the employees of the D.C. Police Department. When Defendant John Doe Police Officers

unlawfully pursued the speeding car they were agents of the
District of Columbia Police Department and agents of the
District of Columbia. Their unlawful actions and omissions
on the Plaintiffs were done within the scope of their
employment and under color of state and city law.

69. At all times relevant herein, the Defendant District of
Columbia, as the employer of the Defendants John Does, owed
Plaintiffs and the public the duty to properly select,
supervise, train and/or instruct Defendants John Does in
the proper undertaking of their duties including the use of
reasonable force and proper government vehicle pursuit.

70. Defendant District of Columbia breached its duty owed and
as a direct breach of said duties and the intentional and
reckless actions of the Defendants John Does in violation
the Plaintiffs' constitutional rights and in violation of
the District of Columbia and Federal laws in place.

71. That at all times mentioned herewith, Plaintiffs were free
of negligence or contributory negligence, did not assume
any risks, and in no way contributed to the happening of
this event.

72. As a direct and proximate result of the negligent and
reckless acts of the Defendants, Plaintiffs suffered mental
anguish, severe injuries and medical care. Plaintiffs claim
damages for fright, comfort, deformity, scarring, pain and

suffering and more. Plaintiffs also suffered other severe physical and mental injures. Plaintiffs has incurred substantial lost wages and earnings in the past and future.

73. As a further direct and proximate result of the intentional, negligent and reckless acts of the Defendants, Plaintiffs have incurred hospital, doctor, and other medical related bills. Plaintiffs has also suffered loss earnings and wages and other economic losses.

**WHEREFORE**, Plaintiffs Bunch, Hammond, Hammond, Brooks, Hammond, and Futrell each pray for judgment against the Defendant in the amount of more than One Million Dollars ($1,000,000.00) each plus costs, interest, and reasonable attorney fees.

## COUNT  VIII

**(Respondent Superior – Mayor Of the District of Columbia)**

74.    All Plaintiffs hereby re-alleges each of the above paragraphs with the same force and effect as if stated herein.

75. At all times relevant herein, Defendant Mayor of the District of Columbia and is responsible for the employees of the District of Columbia. The Mayor of the District of Columbia is responsible for the actions of D.C. Police Department. When Defendant John Doe Police Officers

24

unlawfully pursued the speeding car they were agents of the
District of Columbia Police Department and agents of the
District of Columbia. Their unlawful actions and omissions
on the Plaintiffs were done within the scope of their
employment and under color of state and city law.

76. At all times relevant herein, the Defendant Mayor of the
District of Columbia, as the supervisor of its employees
Defendants John Does, owed Plaintiffs and the public the
duty to properly select, supervise, train and/or instruct
Defendants John Does in the proper undertaking of their
duties including the use of reasonable force and proper
government vehicle pursuit.

77. Defendant Mayor District of Columbia breached its duty owed
and as a direct breach of said duties and the intentional
and reckless actions of the Defendants John Does in
violation the Plaintiffs' constitutional rights and in
violation of the District of Columbia and Federal laws in
place.

78. That at all times mentioned herewith, Plaintiffs were free
of negligence or contributory negligence, did not assume
any risks, and in no way contributed to the happening of
this event.

79. As a direct and proximate result of the negligent and
reckless acts of the Defendants, Plaintiffs suffered mental

25

anguish, severe injuries and medical care. Plaintiffs claim

damages for fright, comfort, deformity, scarring, pain and

suffering and more. Plaintiffs also suffered other severe

physical and mental injures. Plaintiffs has incurred

substantial lost wages and earnings in the past and future.

80. As a further direct and proximate result of the

intentional, negligent and reckless acts of the Defendants,

Plaintiffs have incurred hospital, doctor, and other

medical related bills. Plaintiffs has also suffered loss

earnings and wages and other economic losses.


**WHEREFORE**, Plaintiffs Bunch, Hammond, Hammond, Brooks,

Hammond, and Futrell each pray for judgment against the Defendant

in the amount of more than One Million Dollars ($1,000,000.00)

each plus costs, interest, and reasonable attorney fees.


                                    Respectfully submitted,

                              By: *Jay b. Dorsey, Esq.*
                                  Jay B. Dorsey, Esquire
                                  J.B. Dorsey & Associates
                                  146 Tennessee Avenue, N.E.
                                  Washington, D.C. 20002
                                  Counsel for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues.

By: *Jay b. Dorsey, Esq.*
Jay B. Dorsey, Esquire



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TERRIE BUNCH et al
    Vs.                                    C.A. No.       2015 CA 003441 V
D.C. DEPARTMENT OF POLICE et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge ROBERT D OKUN
Date:  May 13, 2015
Initial Conference: 9:30 am, Friday, August 14, 2015
Location:  Courtroom A-50
          515 5th Street N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
**Washington, D.C. 20001 Telephone: (202) 879-1133**

D.C. Superior Court
06/29/2015 12:56PM
Clerk of the Court

Terrie Bunch, et al.
_____
                    Plaintiff

            vs.                              Case Number   2015 CA 003441 V

Washington, D.C. Police Department, et al.
_____
                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jay B. Dorsey, Esquire                          *Clerk of the Court*
_____
Name of Plaintiff's Attorney

146 Tennessee Avenue, N.E.                 By _____
_____
Address                                                        Deputy Clerk
Washington, D.C. 20002
_____

(202)543-2200                                Date _____
_____
Telephone
如需翻译,请打电话(202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요   የአማርኛ ትርጉም ከፈለጉ ስልክ ቁጥር (202) 879-4828 ይደውሱ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
**Washington, D.C. 20001 Telephone: (202) 879-1133**

D.C. Superior Court
06/30/2015 12:55PM
Clerk of the Court

Terrie Bunch, et al.
_____
                            Plaintiff

vs.                                                    Case Number   2015 CA 003441 V

Washington, D.C. Police Department, et al.
_____
                            Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jay B. Dorsey, Esquire
_____
Name of Plaintiff's Attorney

146 Tennessee Avenue, N.E.
_____
Address
Washington, D.C. 20002
_____

(202)543-2200
_____
Telephone

*Clerk of the Court*

By _____
                                    Deputy Clerk

Date   06/30/2015

如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시오          የአማርኛ ትርጉም ከፈለጉ ስልክ ቁጥር (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division
### 500 Indiana Avenue, NW
Washington, D.C. 20001

**July 15, 2015**

CASE NAME:   TERRIE BUNCH **vs** D.C. DEPARTMENT OF POLICE
CASE NO.   2015 CA 003441 V

Plaintiff having failed to file an affidavit evidencing service on the defendant within the time frame allowed by Rule 4 (m), the Clerk hereby enters a dismissal of the complaint without prejudice.

versus

As to the entire case.

## ORDER OF DISMISSAL



D. C. Superior Court
500 Indiana Avenue NW
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

Mr J B DORSEY III
ATTORNEY AT LAW
146 TENNESSEE AVE NE
Washington, DC 20002

2015 CA 003441 V

CAOOD-4m.doc

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division
### 500 Indiana Avenue, NW
#### Washington, D.C. 20001

**July 15, 2015**

CASE NAME:   TERRIE BUNCH  **vs**  D.C. DEPARTMENT OF POLICE
CASE NO.    2015 CA 003441 V

Plaintiff having failed to file an affidavit evidencing service on the defendant within the time frame allowed by Rule 4 (m), the Clerk hereby enters a dismissal of the complaint without prejudice.

versus

As to the entire case.

## ORDER OF DISMISSAL



D. C. Superior Court
500 Indiana Avenue NW
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

D.C. DEPARTMENT OF POLICE
441 4th Street
WASHINGTON, DC 20001

2015 CA 003441 V

CAOOD-4m.doc

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division
### 500 Indiana Avenue, NW
Washington, D.C. 20001

**July 15, 2015**

CASE NAME:   TERRIE BUNCH **vs** D.C. DEPARTMENT OF POLICE
CASE NO.   2015 CA 003441 V

Plaintiff having failed to file an affidavit evidencing service on the defendant within the time frame allowed by Rule 4 (m), the Clerk hereby enters a dismissal of the complaint without prejudice.

versus

_As to the entire case._

**ORDER OF DISMISSAL**



D. C. Superior Court
500 Indiana Avenue NW
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

DISTRICT OF COLUMBIA
441 4th Street
WASHINGTON, DC 20001

2015 CA 003441 V

SEE REVERSE SIDE FOR
OPENING INSTRUCTIONS

CAOOD-4m.doc

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division
### 500 Indiana Avenue, NW
Washington, D.C. 20001

**July 15, 2015**

CASE NAME:    TERRIE BUNCH  **vs**  D.C. DEPARTMENT OF POLICE

CASE NO.    2015 CA 003441 V

Plaintiff having failed to file an affidavit evidencing service on the defendant within the time frame allowed by Rule 4 (m), the Clerk hereby enters a dismissal of the complaint without prejudice.

versus

As to the entire case.

## ORDER OF DISMISSAL



D. C. Superior Court
500 Indiana Avenue NW
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

MAYOR OF THE DISTRICT OF COLUMBIA
441 4th Street NW
WASHINGTON, DC 20001

2015 CA 003441 V

CAOOD-4m.doc

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division
### 500 Indiana Avenue, NW
Washington, D.C. 20001

**July 15, 2015**

CASE NAME:    TERRIE BUNCH  **vs**  D.C. DEPARTMENT OF POLICE
CASE NO.    2015 CA 003441 V

Plaintiff having failed to file an affidavit evidencing service on the defendant within the time frame allowed by Rule 4 (m), the Clerk hereby enters a dismissal of the complaint without prejudice.

versus

As to the entire case.

## ORDER OF DISMISSAL



D. C. Superior Court
500 Indiana Avenue NW
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

JOHN DOE
441 4th Street
WASHINGTON, DC 20001

2015 CA 003441 V

CAOOD-4m.doc

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## Civil Division
### 500 Indiana Avenue, NW
#### Washington, D.C. 20001

#### July 15, 2015

CASE NAME:   TERRIE BUNCH  **vs**  D.C. DEPARTMENT OF POLICE
CASE NO.   2015 CA 003441 V

Plaintiff having failed to file an affidavit evidencing service on the defendant within the time frame allowed by Rule 4 (m), the Clerk hereby enters a dismissal of the complaint without prejudice.

versus

_____

  As to the entire case.

_____

## ORDER OF DISMISSAL



D. C. Superior Court
500 Indiana Avenue NW
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

JOHN DOE II
441 4th Street
WASHINGTON, DC 20001

2015 CA 003441 V

D.C. Superior Court
07/31/2015 10:17AM
Clerk of the Court

# IN THE SUPERIOR COURT OF THE DISTRICT PF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| Terrie Bunch, et al.,       ) | |
|       ) | |
|   Plaintiffs,       ) | |
|       ) | |
|   v.       ) | **Case No.: 2015 CA 003441 V** |
|       ) | |
| D.C. Department of Police, et al.    ) | |
|       ) | |
|   Defendants.       ) | |
|       ) | |

### PLAINTIFFS' MOTION TO VACATE DISMISSAL AND REINSTATE CASE

**COMES NOW** the Plaintiffs, Terrie Bunch ("Bunch"), Tiara Hammond ("Tiara"), Lara Hammond ("Lara"), Alyssa Hammond ("Alyssa"), Eugene Futrell ("Futrell") and Derrick Brooks ("Brooks"), by and through their counsel, J.B. Dorsey & Associates, and hereby moves this Court to vacate the Clerk's dismissal and reinstate this case. On July 15, 2015, the Clerk dismissed this action in that the Plaintiff had not filed an Affidavit evidencing service on the Defendants. For the reasons set forth below, service has been completed and Plaintiffs ask the Court to vacate it's dismissal and reinstate the case.

## Background And Argument

1.  On May 12, 2012, Plaintiff Bunch was the driver of a vehicle that was struck by a vehicle being pursued by two police officers of the D.C. Police Department. The unlawful chase by the Defendants caused

1

the driver of the chased vehicle to lose control and crash into Buch's vehicle. Bunch and the occupants were injured during the crash.

2.  Although attempts at resolutions were made with Defendants' representatives no settlement has been reached. The, Plaintiffs filed their Complaint electronically, on May 13, 2015. (See Exhibit #1)

3.  The electronic Summonses were not signed and issued to Plaintiffs' counsel until June 30, 2015, over 40 days after the Complaint was received and after inquiry by Plaintiff's counsel. (See Exhibit #2).

4.  Upon receipt of the Summons on June 30, 2015, service was immediately attempted on Defendant D.C. Police Department, on July 2, 2015, by certified mail. Service was accepted and the green card was returned to Plaintiff. (See Exhibit #3)

5.  At the same time, service was immediately attempted on Defendant Mayor of D.C., on July 2, 2015, by certified mail. Service was accepted and the green card was returned to Plaintiff. (See Exhibit #3)

6.  However, on July 15, 2015, and before filing the affidavit of perfected service, the Clerk of the Court entered a dismissal without prejudice.

7.  On or about July 20, 2015, Plaintiffs' Counsel's office was in receipt of the unsigned and undated certified mail green domestic return receipts. This was after the Clerk issued its Order of Dismissal. (See Exhibit #4).

8. Here the Plaintiff has attached an Affidavit evidencing service

2

on the Defendants, and request that the Court accept the same and reinstate this matter. There has been no prejudice to the Defendants. (See Exhibit #4)

9.  In conclusion, Plaintiffs ask this Court to vacate the dismissal and reinstate this case. Should this Court deny this request and not reinstate this matter, time has run and Plaintiffs cannot re-file this matter. The Plaintiffs will be greatly prejudiced.

**Wherefore**, for good cause shown, the Plaintiffs request this Court to vacate its Order of Dismissal and reinstate the case.


Respectfully submitted

By  *J. B. Dorsey, Esquire*
J. B. Dorsey, Esq.
Attorney for Plaintiff
146 Tennessee Ave., NE
Washington, D.C. 20002
(202) 543-2200
Counsel for Plaintiff


## **Statement of Grounds and Authorities**

Pursuant to the Superior Court for the District of Columbia Rules of Civil Procedure and Rule 4 and for good cause being shown.


By  *J. B. Dorsey*
Jay B. Dorsey, Esq.

3

## <u>Statement Concerning Request for Consent of Motion</u>

Plaintiffs were still awaiting the certified mail receipt to file an Affidavit of Service with the Court when this matter was dismissed. Therefore no request has been made on the Defendants for this motion.


By     J.B. Dorsey     
          Jay B. Dorsey, Esq.

# IN THE SUPERIOR COURT OF THE DISTRICT PF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **Terrie Bunch, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )     **Case No.: 2015 CA 003441 V** |
| | ) |
| **D.C. Department of Police, et al.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## O R D E R

**UPON Consideration** of Plaintiffs' Motion to vacate the dismissal and reinstate the case and the entire record herein, it is this \_\_\_\_\_ day of \_August, 2015

**ORDERED,** that the Plaintiffs' Motion to vacate dismissal and reinstate the case be and same is hereby granted, and this Court's Order of Dismissal docketed July 15, 2015 is hereby vacated and service is perfected, it is further,

**ORDERED** the Clerk is directed to reinstate the matter and set a new date for the initial scheduling conference.

_____
Judge

5

Copies:

Jay B. Dorsey, Esquire
J.B. Dorsey & Associates
146 Tennessee Avenue, N.E.
Washington, D.C.    20002

EXHIBIT #1

Did you know that you are using an old version of AOL Mail? Start using the latest now. Switch

AOL | Mail Toolbar | Make AOL My Home Page



**Extended Stay America**
Free WiFi, Suites w/ full kitchens. Best rates guaranteed. Book here.
www.extendedstayamerica.com



**Your Credit Matters**
Monitor your credit. Manage your future. Equifax Complete™ Premier.
www.equifax.com

jbd777  Sign Out

Check Mail   Compose     Search the Web [　　　　] Search | enhanced by     Shortcuts | Settings | Help

Search [　　　　]
Mail [　　　　] ◇

Reply | Reply All | Forward | Mark Unread | Actions ◇ Go | Delete
Spam

Today on AOL
**New Mail** 258
Old Mail
**Drafts (3)**
Sent
**Spam (8)**
Recently Deleted
Saved Chats

Contacts
Calendar

My Folders   Manage Folders

## ACCEPTED Cause/Case: ; Document Type: Civil Actions Complaint; Jurisdiction: D.C. Superior Court

From: notifications <notifications@cfxpress.com>
To: JBD777 <JBD777@aol.com>
Date: Wed, May 13, 2015 9:10 am

You're receiving this email because you are a registered user of CaseFileXpress.
Want the latest updates? Follow us on Twitter.

*src="https://dc.casefilexpress.com/Email/images/cfx_alert-header-notification_v2.jpg"/*

CONFIRMATION OF eFILING

This email confirms that your filing with the following information has been confirmed by the clerk's office. Please do not respond to this email.

| | |
|---|---|
| Case Number: | 2015 CA 003441 V |
| Document Type: | Civil Actions Complaint |
| Filing Attorney: | Jay Dorsey |
| Client Matter Number: | Plaintiff |
| Case Title/Style: | Bunch vs District of Columbia et al |
| Judge: | ROBERT D OKUN |
| Status: | CONFIRMATION (Filing has been accepted by the clerk) |
| Date of Status: | 2015-05-13 09:09:08 |
| Court Assignment: | Civil Actions |
| Jurisdiction: | D.C. Superior Court |
| Filing Trace Number: | ED361J000367060 |
| Hearing Date: | |
| Hearing Location: | |
| PAYMENT INFORMATION | |
| Payment Method: | Visa |
| Amount: | $140.05 |
| Payment Status: | PAID |

Thank you for eFiling with CaseFileXpress!
Access documents and details about this filing or eService by clicking the 'login' button above.

Questions? Contact Us (877) 433-4533

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

TERRIE BUNCH et al

Vs.                                              C.A. No.        2015 CA 003441 V

D.C. DEPARTMENT OF POLICE et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference _once_, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge ROBERT D OKUN
Date: May 13, 2015
Initial Conference: 9:30 am, Friday, August 14, 2015
Location: Courtroom A-50
515 5th Street N.W.

Caio.doc

EXHIBIT #2

Superior Court
06/30/2015 18:03PM
Clerk of the Court

Filed

Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Terrie Bunch, et al.
_____
                                    Plaintiff

vs.                                                  Case Number    2015 CA 003441 V

Washington, D.C. Police Department, et al.
_____
                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Jay B. Dorsey, Esquire
_____
Name of Plaintiff's Attorney

146 Tennessee Avenue, N.E.
_____
Address
Washington, D.C. 20002
_____

(202)543-2200
_____
Telephone

Clerk of the Court

By _____
                                    Deputy Clerk

06/30/2015
Date _____

如果您需要翻译，请电(202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오.     ፕላ ማርጃ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR, IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

EXHIBIT #3





Terrie Bunch

EXHIBIT #4

## THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division
**500 Indiana Avenue, NW**
Washington, D.C. 20001

July 15, 2015

CASE NAME:   TERRIE BUNCH  vs  D.C. DEPARTMENT OF POLICE
CASE NO.   2015 CA 003441 V

Plaintiff having failed to file an affidavit evidencing service on the defendant within the time frame allowed by Rule 4 (m), the Clerk hereby enters a dismissal of the complaint without prejudice.

versus

As to the entire case.

## ORDER OF DISMISSAL



D. C. Superior Court
500 Indiana Avenue NW
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

Mr J B DORSEY III
ATTORNEY AT LAW
146 TENNESSEE AVE NE
Washington, DC 20002

2015 CA 003441 V

2000286426  C052

EXHIBIT #5

**SENDER: COMPLETE THIS SECTION**

▪ Complete items 1, 2, and 3. Also complete
or on the front if space permits.

1. Article Addressed to:

Mayor of District of Columbia
Serve: Office of Risk MNGMNT
441 4th Street, N.W.
Suite #800S
Washington, D.C. 2000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)    7012 3050 0000 5817 4074

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509

---

**SENDER: COMPLETE THIS SECTION**

▪ Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
on the front if space permits.

1. Article Addressed to:

Washington D.C. Police
Department
Serve: Office of Risk Mngmnt
441 4th Street, N.W.
Suite #800S
Washington, D.C. 2000

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)          ☐ Yes

2. Article Number
   (Transfer from service label)    7012 3050 0000 5817 4128

PS Form 3811, August 2001          Domestic Return Receipt          102595-01-M-2509