**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**TERRIE BUNCH, *et al.*,**

**Plaintiffs,**

**v.**

**DISTRICT OF COLUMBIA, *et al.*,**

**Defendants.**

**Civil Action No. 15-1271 (ESH)**

## MEMORANDUM OPINION

Plaintiffs allege that, in May 2012, a hot pursuit police chase resulted in a collision between the fleeing suspect's car and the car in which plaintiffs were travelling. (Am. Compl. [ECF No. 5] ¶ 8.) They claim that the officers responsible for the pursuit, two unidentified members of the D.C. Metropolitan Police Department (the "Doe defendants"), violated their Fourth, Fifth, and Eleventh Amendment rights. (*Id.* ¶ 7.) As such, they bring constitutional claims against the Doe defendants under 28 U.S.C. § 1983, as well as common law claims of gross negligence. (*Id.* ¶¶ 39-46.) In addition, they claim that the District of Columbia is also liable for the constitutional violations, because the accident was "a direct consequence of [the District's] policies and practices." (*Id.* ¶ 28.) Finally, they assert common law claims against the District for its alleged negligent supervision, retention and training of the Doe defendants (*id.* ¶¶ 37-38), and for vicarious liability arising from the Doe defendants' alleged gross negligence (*id.* ¶¶ 35-36).

The District has moved to dismiss plaintiffs' amended complaint. (Def.'s Mot. to Dismiss [ECF No. 6].)[1] For the reasons that follow, plaintiffs' constitutional claims lack merit and will be dismissed as to all defendants. Because these claims formed the sole basis for the Court's jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, and thus it remands the case back to D.C. Superior Court.

**BACKGROUND**

On or about May 12, 2012, plaintiffs were travelling in a car that was struck by the car of a suspect who was then fleeing D.C. Metropolitan Police in a high-speed chase, causing plaintiffs to suffer unspecified injuries. (Am. Compl. ¶¶ 8, 16.) They allege that the officers involved in the pursuit "grossly violated the police general order" regarding high-speed police chases (*id.* ¶ 27), but also that the same general order is "facially flawed" because, *inter alia,* it allows officers too much discretion to initiate pursuits, inadequately discourages or restricts pursuits, and fails to consider such factors as driving conditions and officer capability in determining whether pursuit is appropriate (*see id.* ¶ 18). Furthermore, plaintiffs allege that the District has inadequately trained its officers (*id.* ¶¶ 19-20), that it has done nothing in response to its officers "routinely, flagrantly ignoring the edicts" restricting high-speed chases (*id.* ¶ 10, 15), that it lacks a Critical Incident Review Board to review all high-speed pursuits (*id.* ¶ 23), that its

[1] Although the Doe defendants have not yet been identified or served in this matter, "[a]n action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *See Bloem v. Unknown Dep't of the Interior Emps.*, 920 F. Supp. 2d 154, 158 (D.D.C. 2013) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). Plaintiffs' allegations of a high-speed police pursuit in the District on May 12, 2012, are certainly specific enough to allow identification of the Doe defendants' identities through discovery. By the same token, the District is entitled to move to dismiss on behalf of the Doe defendants. *See Bloem*, 920 F. Supp. 2d at 157 n.1.

officers do not recall the general order on police pursuits (*id.* ¶ 25), and that its policymakers are "deliberate[ly] indifferen[t] . . . to the constitutional rights of persons within the District" (*id.* ¶ 34).

Plaintiffs initially filed this suit in D.C. Superior Court on May 11, 2015, and it was removed to this Court on August 7, 2015, pursuant to 28 U.S.C. § 1441. (*See* Joint Notice of Removal [ECF No. 1].)

**ANALYSIS**

**I. LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" such that a court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Thus, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted). In ruling on a 12(b)(6) motion, a court may consider facts alleged in the complaint, documents attached to or incorporated in the complaint, matters of which courts may take judicial notice, and documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim. *U.S. ex rel. Folliard v. CDW Tech. Servs., Inc.*, 722 F. Supp. 2d 20, 24-25 (D.D.C. 2010).

## II. CONSTITUTIONAL CLAIMS

Plaintiffs allege "blatant and egregious constitutional violations under the 4th, 5th, and 11th amendments of the United States Constitution." (Am. Compl. ¶ 7.) The District argues that plaintiffs fail to state a claim for any predicate constitutional violation by the Doe defendants, and that their related claim for municipal liability against the District also necessarily fails. (Def.'s Mot. to Dismiss at 3-6.) The Court will address each provision in turn.

### A. Fourth Amendment

Plaintiffs argue that "[p]olice action involving hot pursuit police chases is a federal constitutional protected right of the innocent bystanders," and in support they cite *Brower v. County of Inyo*, 489 U.S. 593 (1989). (Pls.' Opp'n [ECF No. 7] at 4; *see also* Am. Compl. ¶ 27 ("Plaintiffs, each of them, has a constitutional civil right (free from unlawful seizures) to travel the streets of the District devoid from being viciously struck by a fleeing driver, being illegally chased by police officer employees of the District of Columbia . . . .").) Assuming that plaintiffs mean to argue that *Brower* establishes that *any* injury to a bystander resulting from a police chase gives rise to a constitutional violation, they seriously overstate the holding of that case. In *Brower*, a suspect fleeing police in a high-speed car chase was killed when he ran into a police roadblock, and his heirs filed a § 1983 claim alleging that use of the roadblock constituted an unreasonable seizure. *Id*. at 594. After the district and circuit courts both found no seizure under the Fourth Amendment, the Supreme Court reversed, holding that officers intended to stop Brower with the roadblock and succeeded in doing so, thus effecting a "seizure." *Id*. at 594, 599. However, the Court did not go so far as to find the seizure unreasonable (and thus unconstitutional), but instead it remanded to the lower courts to make that determination. *Id.* at 599. As such, it is unclear how *Brower* advances plaintiffs' claims here—in no way does it even

remotely suggest that a bystander injured by a suspect in a police chase has been unreasonably "seized" in violation of the Fourth Amendment.

Rather, *Brower*'s focus on the officers' intent actually disposes of plaintiffs' Fourth Amendment claims, because a "[v]iolation of the Fourth Amendment requires an *intentional* acquisition of physical control." *See id.* at 596 (emphasis added); *see also Cty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998) (Fourth Amendment not applicable where police accidentally ran over and killed a fleeing suspect, without any intent to seize him). Nowhere do plaintiffs allege that the Doe officers intended to seize them, or even that the officers were aware of their existence prior to the collision. In fact, plaintiffs do not even allege that the officers did, in fact, seize them, further removing these facts from any conceivable Fourth Amendment violation. (*See* Am. Compl. ¶ 27 (plaintiffs were "struck by a fleeing driver," not by the police).) The Fourth Amendment "does not apply to . . . [a seizure] effected by a private party on his own initiative," *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 614 (1989), and there is no suggestion that the fleeing suspect here was somehow acting at the government's behest. Therefore, plaintiffs' injuries, even if they can be fairly alleged to have resulted from the officers' negligence, simply do not implicate the Fourth Amendment. *See also Galas v. McKee*, 801 F.2d 200, 203-04 (6th Cir. 1986) (fleeing suspect was not "seized" when his own car crashed, but even if he had been, "the use of high-speed pursuits to apprehend traffic violators is not unreasonable . . . [under] the Fourth Amendment").

**B. Fifth Amendment**

In relevant part, the Fifth Amendment prohibits deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. V. Plaintiffs fail to allege that the Doe defendants deprived them of life, liberty, or property, and their opposition offers no further

elaboration as to how the Fifth Amendment might have otherwise been violated. They do cite to *Lewis*, in which the Supreme Court rejected a substantive due process claim arising from a fleeing suspect's loss of *life*. *See* 523 U.S. at 855. By contrast, plaintiffs do not specify what damages were caused by defendants, but the most that can be inferred from their complaint is that they suffered personal injuries and automobile damage in the collision. (*See* Am. Compl. ¶ 16.) These injuries do not implicate the Fifth Amendment. But even if they did, plaintiffs also fail to allege any facts suggesting an arbitrary, conscience-shocking "exercise of [governmental] power without any reasonable justification." *See Lewis*, 523 U.S. at 846. According to plaintiffs' own allegations, the Doe defendants were pursuing a "fleeing vehicle" (Am. Compl. ¶ 8), and fleeing from law enforcement in a motor vehicle is itself a criminal offense. *See* D.C. Code § 50-2201.05b. Even if, as a matter of public policy, reasonable minds can differ as to the wisdom of high-speed pursuits, no one can reasonably argue that they are arbitrary or entirely without justification: "the need to stop a suspect and show that flight from the law is no way to freedom" is plainly such a justification. *See Lewis*, 523 U.S. at 853. Therefore, even if plaintiffs were harmed as a result of the pursuit, the Due Process clause is not offended merely because "someone cloaked with [governmental] authority causes harm." *Id.* at 848. Plaintiffs' Fifth Amendment claim cannot be sustained.

### C. Eleventh Amendment

Plaintiffs do not explain how either the District or the Doe defendants could have possibly violated their Eleventh Amendment rights, as that Amendment simply precludes federal courts from hearing certain suits brought against a state defendant. *See* U.S. Const. amend. XI. In other words, the Eleventh Amendment protects states, not individuals, and thus it does not create any right belonging to plaintiffs that might form the basis for a constitutional tort. *See*

*Clarke v. Leading Hotels of the World, Ltd.*, 2015 WL 6686568, at *4 (S.D.N.Y. Oct. 29, 2015). Moreover, the Eleventh Amendment does not even apply to the District, because it is a municipality. *See Best v. Dist. of Columbia*, 743 F. Supp. 44, 46 (D.D.C. 1990). Plaintiffs argue otherwise, because "[t]hroughout the history of the United States, the District . . . has been treated like, and is in fact considered, a state." (Pls.' Opp'n at 4.) Ironically, if accepted, plaintiffs' argument would mean that (1) this Court has no power to hear their claims against the District, *see Edelman v. Jordan*, 415 U.S. 651, 662 (1974) (Eleventh Amendment bars federal courts from hearing suits for damages against a state both by its own citizens and foreign citizens); and (2) the District would be immune from plaintiffs' § 1983 claims in state court as well, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (states are not amenable to suit under § 1983). However, as noted, plaintiffs are incorrect both that the District is a state and that Eleventh Amendment applies to the District. *See Barth v. Dist. of Columbia*, 1993 WL 523999, at *1 (D.C. Cir. Dec. 14, 1993). Their Eleventh Amendment claim fails as a matter of law.

**D. Municipal Liability**

Plaintiffs' claim against the District for municipal liability under § 1983 requires a showing that (1) the Doe defendants committed a predicate constitutional violation, and (2) a custom or policy of the District caused that violation. *See Baker v. Dist. of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003); *see also Warren v. Dist. of Columbia*, 353 F.3d 36, 38 (D.C. Cir. 2004) ("In order to state a claim against a municipality, the plaintiff therefore must allege not only a violation of his rights under the Constitution or federal law, but also that the municipality's custom or policy caused the violation."). As discussed, plaintiffs have failed to

state a claim for any predicate constitutional violation by the Doe defendants, and therefore they also fail to state a claim for municipal liability. (*See supra* Part II.A-C.)

**III. SUPPLEMENTAL JURISDICTION**

When a case involving state and federal claims is removed from state court, and subsequently the federal claims are dismissed before trial, the district court "has discretion to remand to state court . . . [the] pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). The D.C. Circuit has repeatedly expressed its preference for remand in these circumstances: "[i]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *See Araya v. JPMorgan Chase Bank, N.A.*, 775 F.3d 409, 417 (D.C. Cir. 2014) (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7); *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 424 (D.C. Cir. 2005). The relevant considerations are set out in 28 U.S.C. § 1367(c), which makes remand appropriate if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *See id.* § 1367(c). In addition, the Court must also consider the factors set out by the Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), *i.e.*, judicial economy, convenience, fairness, and comity. *See Araya*, 775 F.3d at 416.

As discussed *supra*, the Court has rejected all of plaintiffs' federal claims, the only claims over which it had original jurisdiction, and thus remand is appropriate. *See id.* § 1367(c)(3).

Moreover, the Court finds that the remaining state law claims "substantially predominate[] over" plaintiffs' tenuous, now-rejected constitutional claims. *See id.* § 1367(c)(2). As the District argues, plaintiffs allege facts suggesting a "standard motor tort," not a constitutional violation (*see* Def.'s Mot. to Dismiss at 4), and therefore, this is a case more appropriately decided by D.C. courts. *See Gibbs,* 383 U.S. at 726 ("Needless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

**CONCLUSION**

The District's motion to dismiss will be **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' constitutional claims (Counts I and V) are dismissed with prejudice as to all defendants, and their remaining state law claims are remanded to D.C. Superior Court. A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 23, 2015